IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

WILLIAM G. ERICKSON                                                                            PLAINTIFF
ADC #136570

V.                                            NO. 1:07cv00016 JLH-JWC

JOHN MAPLES                                                                                     DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### I. Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II. Recommended Disposition

Plaintiff is a pro se inmate currently confined to the Grimes Unit of the Arkansas Department of Correction ("ADC"). On May 14, 2007, Defendant filed a motion to dismiss and brief in support (docket entries #11, #12) seeking to dismiss Plaintiff's case on the grounds that he has failed to state a claim upon which relief can be granted. Alternatively, Defendant contends that Plaintiff has failed to exhaust his administrative remedies, and that his claim is barred by the doctrine of sovereign immunity. By order entered May 15, 2007 (docket entry #13), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendant's motion to dismiss, which he has done (docket entry #18).

According to Plaintiff's complaint (see docket entry #3), on October 25, 2006, he reported that inmate Derrick Shaw had on several occasions been openly masturbating and that he (Plaintiff) and other inmates wanted him removed. Plaintiff was instructed to write a statement against inmate Shaw. Inmate Shaw was later informed that Plaintiff had made a complaint against him. When Inmate Shaw returned to the barracks, he assaulted Plaintiff, who sustained injuries to his neck and back, as well as a broken jaw. Plaintiff

reported the assault and was "harassed and made fun of" before receiving medical treatment. Plaintiff was placed in administrative segregation for three weeks and treated with Ibuprofen twice daily. Plaintiff sues sole Defendant Warden Maples in an official capacity only. He further states that Defendant knew of the assault shortly after it happened because he signed a "gate pass" and escorted Plaintiff to medical himself.

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21. Moreover, where Plaintiff is proceeding pro se, the Court must consider facts set forth in any opposition to the motion to dismiss in determining whether a cognizable claim has been stated. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992).

### III.  Analysis

**A.    Administrative Exhaustion**

Defendant first argues that Plaintiff has failed to exhaust his administrative remedies. He neither cites to current case law nor does he apply the actual facts of this case to the law cited. The entire argument in support of dismissal on exhaustion grounds consists of the following three sentences: "Thus, Plaintiff's failure to exhaust requires dismissal of his complaint," "Thus, because the Plaintiff was required to exhaust all of his administrative remedies against this defendant prior to filing suit, his claim must fail," and

"Therefore, Plaintiff's complaint must be dismissed for failure to exhaust administrative remedies prior to instituting this cause of action." Despite these omissions, exhaustion is an affirmative defense that Defendant need only to raise for this Court to address fully.[1]

An inmate must exhaust all available administrative remedies prior to initiating a § 1983 prison conditions suit. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory"); Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (holding that "all available prison grievance remedies must be exhausted as to all of the [plaintiff's] claims"); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (stating that "if administrative remedies are available, the prisoner must exhaust them," regardless of his subjective beliefs about their availability). Exhaustion of remedies requires the inmate to first attempt informal resolution and then to timely file and appeal a particular grievance through several administrative levels. Plaintiff was required to appeal his grievance(s) to the highest administrative level, the Deputy/Assistant Director of the ADC. See ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004).

In Jones v. Bock,[2] the plaintiff challenged the rule requiring that every defendant to be named in a subsequent lawsuit must also be named during the grievance process as

---

[1] Effective advocacy requires more than the cursory treatment given the issue by Defendant's moving papers. Care must be taken to refer the Court to current law and to demonstrate how the legal principles apply to the particular facts of the case.

[2] 127 S. Ct. 910 (2007).

well as the "total exhaustion" rule. The <u>Jones</u> court concluded that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." <u>Jones</u> held that the PLRA itself does not impose such a requirement; instead, the parties must look to what the prison grievance process itself requires. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." <u>Id</u>. at 923. <u>Jones</u> additionally rejected the "total exhaustion" rule requiring dismissal of the complaint as a whole, concluding instead that courts should proceed with the exhausted claims in instances where the plaintiff has failed to exhaust some, but not all, of the claims asserted. <u>Id</u>. at 924-26.

Plaintiff states on his complaint form that he did not exhaust his administrative remedies out of "fear or retaliation by staff and officials as [he] had been made sport of to begin with" (<u>see</u> docket entry #3). Contrary to this statement, Plaintiff provides evidence of "the administrative remedy in full" in response to Defendant's motion to dismiss (<u>see</u> docket entry #18). The informal resolution and grievance attached to Plaintiff's response (GR-07-00288) reveals that he not only failed to specifically name Defendant Maples, but also did not grieve the events surrounding his alleged October 25, 2006, assault. Instead, he grieved that he was being refused medical care— that he had jaw pain from a previous break in October 2006 and had been advised that he must submit three sick call requests before he would be referred to a doctor. His informal resolution is dated March 9, 2007, and his grievance is dated March 15, 2007, both almost five months after the incident that forms the basis of this lawsuit occurred.

This Court takes judicial notice of the instructions contained on the informal resolution and grievance forms Plaintiff has attached to his response to Defendant's motion which clearly require inmates to specifically identify dates, places, and <u>individual personnel involved</u> in any complaint they wish to pursue administratively and, ultimately, through the courts. Pursuant to <u>Jones v. Bock</u>, this omission requires the dismissal of Plaintiff's action. In addition, Plaintiff's failure to provide any evidence of exhaustion in connection with the failure to protect / retaliation claim that forms the basis of this lawsuit also mandates dismissal of his entire action.

**B.     Sovereign Immunity**

Defendant additionally contends that Plaintiff's claim for monetary damages against him in an official capacity is barred by the doctrine of sovereign immunity. Public officials may be sued under § 1983 in either their official or individual capacity, or both. <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 535 (8th Cir. 1999). To sue a public official in his individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise it will be assumed that the defendant is being sued only in an official capacity. <u>Id</u>. Plaintiff seeks a "monetary judgment" against Defendant. In his complaint, he clearly states that he sues Defendant in only an official capacity (<u>see</u> docket entry #3).

The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66 (1989); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Barnes v. State of Missouri</u>, 960 F.2d 63, 64 (8th Cir. 1992) (per curiam); <u>Nix v. Norman</u>, 879 F.2d 429, 431-32 (8th Cir. 1989). However, a state official may

nevertheless be sued in an individual capacity for action taken in an official capacity and such a claim is not barred by the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 25 (1991). Only two exceptions exist to Eleventh Amendment immunity: (1) "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language,'" or (2) where a state has waived its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Barnes, 960 F.2d at 64-65 (citing Welch v. Texas Dep't of Highways & Pub. Transp., 483 U.S. 468, 473-74 (1987)). Neither exception is applicable to Plaintiff's case. See Will, 491 U.S. at 66.

Plaintiff has neither pled nor is he able to prove that the State has waived its immunity with regard to § 1983 lawsuits and Congress did not abrogate Eleventh Amendment sovereign immunity when it enacted § 1983; therefore, even if Plaintiff could subsequently prevail on his claim, he can be afforded no relief against Defendant in an official capacity.

Since dismissal is proper on both exhaustion and sovereign immunity grounds, the Court need not reach the merits of Plaintiff's claim.

### IV.  Conclusion

For the reasons set forth herein, IT IS THEREFORE RECOMMENDED that:

1. Defendant's motion to dismiss (docket entry #11) should be GRANTED.

2. Any pending motions should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

    4.       This dismissal should count as a "strike" as frivolous pursuant to 28 U.S.C. § 1915(g).[3]

DATED this 14th day of January, 2008.

                                            */s/ Jerry W. Cavaneau*
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.